## ALONZO E. DAVIS v. GEORGE L. MALTZ.

### Sale.

A lumberman turned over a quantity of logs to a banker, who took them for a firm, giving the firm's paper to the lumberman in payment, but himself keeping the title to the logs until the notes should be met, the lumberman having the right to deposit the notes with the banker, and draw against them. *Held*, that the transaction would warrant a finding that it was a sale from the lumberman to the banker.

Error to Alpena. (Emerick, J.) April 16–17.—Sept. 29.

ASSUMPSIT. Defendant brings error. Affirmed.

*Clayberg & Sleator* and *Levi T. Griffin* for appellant.

*Turnbull, Shields & Dafoe* for appellee.

SHERWOOD, J. The plaintiff in this case brings this action to recover of the defendant for a quantity of saw-logs, which he claims to have sold to the defendant in the month of May, 1883. The action was in form assumpsit. The declaration as filed contained two special counts setting up in detail the transaction between the parties, and added thereto were the

common counts. On the trial, after the evidence was closed, the court ordered the plaintiff to elect on which count he would ask a recovery, and the plaintiff elected to proceed on the common counts.

The contention between the parties was principally as to the construction and legal effect of the transaction had between them on the 21st of May, 1883. The plaintiff contended on that day he sold to the defendant 22,440 logs, rated and sold as follows: " 1,146,434 ft. white pine logs at $7 per 1000 ft., and $632,617 ft. Norway, at $5.00 per M. ;" that these amounts were delivered to the defendant in pursuance of such sale, and had not been paid for. The defendant insisted that the transaction was not a sale, but that the defendant took title to the logs to secure to the plaintiff his pay for the same from the Prentiss Lumber Company at Alpena, which was the real purchaser, and did not become personally liable therefor. Upon these two theories the case was tried by jury before Judge Emerick, in the Alpena circuit, where the plaintiff had judgment for $8454.07. The case is now before us on writ of error.

The record shows that George Prentiss was president of the Prentiss Lumber Company, and its treasurer, and had the principal management of the business of the company; that the defendant has for many years been engaged in banking business, and was president of the Alpena National Bank at the time the alleged sale of plaintiff's timber was made, and had the principal charge of all its transactions. It further appears that Prentiss and the defendant were old acquaintances, and that the former had been in the habit of borrowing money from the latter for years; that at the time of the sale of the lumber in question the Prentiss Lumber Company and Prentiss owed Maltz and the bank ten or fifteen thousand dollars; that at this time Maltz had Prentiss' promise that he should have the mill property as security for money which Maltz or the bank might advance for the company; and that Prentiss did subsequently, on the 7th day of September thereafter, give the Prentiss Lumber Company's chattel mortgage to Maltz, in the sum of $125,000, upon all the

property it then had and owned, to secure to him the payment of $15,000, and to the Alpena National Bank the sum of $80,575, and the remaining sum to different individuals therein designated ; and that very soon thereafter the Prentiss Lumber Company failed. The fact that Davis had the logs to sell is not questioned, and that he had talked of selling them to Prentiss, and that Prentiss could not make the terms of payment required by Davis, appears from the testimony of both. Such being the fact, Davis testifies that Prentiss got his banker, Maltz, to make the purchase of the plaintiff, and then he, Maltz, sold the logs to the Prentiss Lumber Company, making the terms of payment as desired by that company ; or, rather, that he would sell to the company taking the paper of the company for the timber with a stipulation that title to the logs should remain in Maltz until the paper was paid, and that Davis should take the notes of the company for pay for the logs, deposit same with Maltz, and be permitted to draw against it. Plaintiff also introduced in evidence a bill of sale of the logs to George L. Maltz, and one from Maltz to the Prentiss Lumber Company conveying the logs to it, and containing the stipulation in regard to title as testified to by Davis. Plaintiff also introduced testimony tending to show that Maltz received the logs, which in the bill of sale were valued at $10,988.12, and that the only amount he has ever received for the logs sold to Maltz was $3000 ; that he can neither get his money nor the logs ; that Maltz received from him the title to the logs, which he continued to hold until he sold them, and that he also holds the notes given by the Prentiss Lumber Company for them, and which were indorsed by the plaintiff.

The defendant's testimony contradicts the plaintiff's on many material points, as also does that of Prentiss. It is conceded, however, by counsel for Maltz, or, rather, was so conceded upon the trial, and I think very properly so, that there is no question but that the plaintiff can recover if he shows a sale to Maltz, and this must necessarily dispense with all other theories in the case. The conflicting testimony upon this point was all submitted to the jury, and their spe-

cial attention challenged to the subject by counsel in their special question submitted to them to find, as follows: "*Plaintiff's Question.* Did the plaintiff, Davis, sell his logs to Maltz, both parties intending that he become the debtor therefor? *Answer.* Yes." This is a very clear statement that such sale was made, and the intention in doing it was that Maltz should become the debtor of Davis therefor. The following question was submitted by counsel for defendant and in like manner answered by the jury: "*Defendant's Question* 7. Do you find the title was vested in Maltz also for the purpose, on the part of Davis, of better satisfying the bank of the sufficiency of the security, and thereby the better enable him to get the notes discounted? *Answer.* No." This answer entirely negatives the theory, or evidently one of the theories, of the plaintiff, and makes more certain, if possible, the finding of the jury that there was an absolute sale to Maltz. It is not only, in connection with the other, a finding for the plaintiff that there was an absolute sale, but it is really a rejection of all other theories of both plaintiff and defendant.

There remains but one other question for examination: Did the court commit any error in receiving or rejecting the testimony which could have reasonably prejudiced the jury in coming to the conclusion they did in the case? The record and briefs of counsel have been carefully examined, and I find none of which the defendant can seriously complain. It is a clear case upon its facts. The charge of the circuit judge is full and explicit, and covers all the legal points involved, and, no error appearing,

The judgment at the circuit must be affirmed.

Cooley, C. J. and Champlin, J. concurred.

Campbell, J. In my opinion the case against Maltz was not that he was a purchaser, but merely a trustee, and no liability was made out against him on the case as presented on either side. I think there should be a new trial.